```
         IN THE UNITED STATES DISTRICT COURT FOR THE
               SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

BERNARD JEMISON, #179080,       :

    Plaintiff,                  :

vs.                             :  CIVIL ACTION 12-0557-CG-M

COMMISSIONER THOMAS, *et al.,*  :

    Defendants.                 :


### REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prison inmate proceeding *pro se* and seeking leave to proceed *in forma pauperis*,[1] was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. During the screening of the Complaint, the Court discovered that this action is subject to provisions of 28 U.S.C. § 1915(g). Accordingly, it is recommended that this action be dismissed without prejudice under 28 U.S.C. § 1915(g) for the reasons noted below.

Section 1915(g) provides:

>    In no event shall a prisoner
> bring a civil action or appeal a
> judgment in a civil action or

---

[1] By separate order, the Court is rescinding its prior Order granting Plaintiff leave to proceed *in forma pauperis.* (Doc. 9).

> proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 215-16 (2007).

After reviewing the records of the United States District Courts for the Southern, Middle, and Northern Districts of Alabama, the Court discovered that Plaintiff has at least three actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, namely, *Jemison v. Sanders,* CA 09-0962-IPJ-HGD (N.D. Ala. Sept. 16, 2009)

2

(failure to state a claim), *appeal dismissed as frivolous* (11th Cir. Mar. 22, 2010); *Jemison v. Allen*, CA 09-1806-SLB-HGD (N.D. Ala. Sept. 3, 2010); and *Jemison v. Haley,* CA 00-2941-RBP-HGD (N.D. Ala. Mar. 22, 2001).  Thus, Plaintiff has at least "three strikes," and the present action comes within the scope of 28 U.S.C. § 1915(g).  *See Hains v. Washington,* 131 F.3d 1248, 1250 (7th Cir. 1997) ("A frivolous complaint (or as in this case a complaint that is dismissed under § 1915A for failure to state a claim) followed by a frivolous appeal leads to two 'strikes' under 28 U.S.C. § 1915(g)."); *Adepegba v. Hammons,* 103 F.3d 383, 388(5th Cir. 1996)(finding that the district court's frivolous dismissal and the subsequent frivolous appeal counted as two strikes).

In order to avoid the dismissal of the present action under § 1915(g), Plaintiff must satisfy its exception, which requires that he show that he was "under imminent danger of serious physical injury" at the time of the complaint's filing.  *See Adbul-Akbar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied*, 533 U.S. 953 (2001); *Brown v. Johnson*, 387 F.3d 1344, 1349

(11th Cir. 2004) ("a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)"); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (the imminent danger of serious physical injury faced must be at the time the complaint is filed, not at a prior time).

In reviewing the Complaint's allegations (Doc. 7), the Court does not discern a claim showing that Plaintiff was "under imminent danger of serious physical injury" at the time he filed his Complaint. Plaintiff signed his Complaint on July 5, 2012,[2] and the situation about which Plaintiff complains occurred on June 30, 2012 (Doc. 1, Doc. 8 at 4) and in July 2012 (Doc. 8 at 4).[3] Plaintiff alleges

---

[2] The date of filing for a prisoner action is the date that the prisoner delivers the document to officials for filing. *Houston v. Lack,* 487 U.S. 266, 270, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988) (delivery of prisoner's notice of appeal to prison officials for mailing to the court constituted filing); *Garvey v. Vaughn,* 993 F.2d 776, 783 (11th Cir. 1993) (applying *Houston v. Lack* to a prisoner's filing of a § 1983 action). For the purposes of this recommendation, it is not necessary to determine the exact date of filing.

[3] The Court refers back to Plaintiff's original Complaint for the date of filing. (Doc. 1). Its allegations mirror those allegations in the Amended Complaint filed on the Court's form. (Doc. 7). However, in the Amended Complaint, Plaintiff added that the incident occurred in July, 2012, in addition to saying that it occurred on June 30, 2012. (Doc. 7 at 4). Reviewing his allegations, the Court concludes that they appear to be of a continuing nature which have existed since his placement in segregation.

4

that on June 30, 2012, he was placed in a cell in the segregation unit[4] at Holman Correctional Facility where the temperatures "exceeded three digit figures during summer."[5] (Doc. 8 at 4).  He relates that the cell design permits only about "one inch of air space. . . into [them]" and that only a few fans are used to cool two hundred inmates in the three-storied unit.  (*Id.* at 4).  He further avers that inmates in the segregation unit are not given cups of ice like the inmates in general population, nor do they have an adequate amount of fans working like general population does.  (*Id.* at 4-5).  He also alleges that the "heat causes dehydration, high blood pressure, dizziness, exhaustion and weariness from the lack of proper rest." (*Id.* at 5).

According to Plaintiff, cleaning supplies are not issued to inmates in the segregation unit for cleaning their cells or the shower areas, which increases the risk of staph infections.  (*Id.* at 5).  Inmates in the

---

[4] Plaintiff uses the terms "segregation" and "isolation" interchangeably.

[5] As of November 1, 2012, the Alabama Department of Corrections' website indicates that Plaintiff is incarcerated at William E. Donaldson Correctional Facility. This change in address was not provided to the Court by Plaintiff although he was required to do so.  Furthermore, the website shows that Plaintiff's name is spelled Benard Jemison.

segregation unit are "forced to sleep on partial pieces of damaged mattresses and iron and steel" and to receive food trays that are unclean and have food residue on them. (*Id.*). And segregation showers flood causing him and other inmates to stand in unclean water, which creates foot fungus. (*Id.*).

Plaintiff maintains that the combination of conditions meets the criteria for an Eighth Amendment violation. (*Id.*). Because the Defendants, Commissioner Kim Thomas, Warden Tony Patterson, Assistant Warden D. Bishop, and Assistant Warden G. Givens, have deliberately failed to intervene and correct these problems, after being notified of the problems, Plaintiff requests that he be awarded the costs associated with litigation, injunctive relief to cure the conditions, and a class action. (*Id.* at 6-8).

In order to satisfy the exception to § 1915(g), "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown,* 387 F.3d at 1350. A plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient." *Ball v. Allen*, CA No. 06-0496-CG-M, 2007 WL

6

484547, at *1 (S.D. Ala. Feb. 8, 2007) (unpublished) (citations and quotation marks omitted) (Granade, C.J.). Furthermore, the allegations must demonstrate that at the time the complaint was filed the danger existed. *Id.* at *2.

In the present action, Plaintiff omitted allegations of any injury that he has sustained or that he anticipates sustaining. He describes the conditions that he encountered when he was placed in segregation but does indicate how the conditions affected him or will affect him. *Moten v. Adams,* No. 1:06-cv-924-AWJ-MJS, 2012 WL 2529204, at *2 (E.D. Cal. Jan. 25, 2011) (holding the plaintiff failed to show imminent danger of serious physical injury because he failed to show how the heat was an immediate threat to him)(unpublished). Nor did Plaintiff indicate how long he would be in segregation. Moreover, Plaintiff's allegations are vague and are not sufficiently specific to demonstrate that he was in imminent danger of serious physical injury at the time of the Complaint's filing. *Ball,* 2007 WL 484547 at *2-3 (holding that allegations of unsanitary showers and unsanitary food service and containers were "an imminent danger to Plaintiff's health and well being[] [were] conclusory allegations[s] that merely demonstrate[d] 'that

7

plaintiff is a seasoned vexatious litigant who has read 28 U.S.C. § 1915(g) and is manipulating it to serve his ends.'")(citation omitted) (unpublished).  Thus, the Court concludes that Plaintiff has failed to show that he was "under imminent danger of serious physical injury" at the time the Complaint was filed.

Because Plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $350 filing fee at the time he filed this action, Plaintiff's action is due to be dismissed without prejudice.  *Dupree*, 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he *initiates* the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied*, 535 U.S. 976 (2002).  Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge

of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[6] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

   2.   *Transcript (applicable where proceedings tape recorded)*.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this

---

   [6] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED.R.CIV.P. 72(b)(2).

9

recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

  DONE this 1st day of November, 2012.


        <u>s/BERT W. MILLING, JR.</u>
        UNITED STATES MAGISTRATE JUDGE